UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY SESTITO,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3538 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Anthony Sestito filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff's benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $227,379 in past-due benefits. Plaintiff's counsel, Christopher James Bowes, now moves for $56,844.75 in attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Bowes's motion is granted in part and denied in part and Plaintiff's counsel is awarded $52,297.

## BACKGROUND

After Plaintiff was denied benefits by the SSA, Plaintiff retained Christopher James Bowes and filed this action on August 5, 2020. (Dkt. 1.) On March 24, 2021, Plaintiff filed a motion for judgment on the pleadings, (Dkts. 12, 13), and the parties subsequently stipulated to remand the case to the SSA, (Dkt. 16). This Court then awarded Plaintiff $7,100 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 on September 21, 2021. (Dkt. 20; 09/21/2021 Docket Order.)

---

[1] Bowes does not request costs, only attorney's fees.

On September 26, 2022, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $227,379 in past-due benefits, with 25% ($56,844.75) withheld as possible attorney's fees.[2]  (Dkt. 22, at ECF 4.)  Consequently, Bowes filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on October 10, 2022.  (Dkt. 21.)  Along with his motion for attorney's fees, Bowes submitted a fee agreement, demonstrating that Sestito had retained Bowes on a 25% contingency-fee basis.  (Dkt. 22, at ECF 11.)  Bowes also submitted itemized time records, indicating that he spent a total of 35.6 hours litigating this matter before this Court.  (*Id.* at ECF 13.)  Bowes's request amounts to an effective rate of $1,596.76 per hour (35.6 hours of work for $56,844.75).

## DISCUSSION

### I.      Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure.  *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 88, 89 n.5.  Furthermore, under Rule 54(d),  "district courts are empowered to enlarge that filing period where circumstances warrant."  *Sinkler*, 932 F.3d at 89.

Plaintiff's counsel received the notice of benefits award on September 27, 2022.  (Dkt. 22.)  This motion was filed on October 10, 2022 (Dkt. 21), and is thus timely filed.

---

[2] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $56,844.75.  (Dkt. 22, at ECF 19.)  Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**II.     Reasonableness of the Requested Fee**

**A.     Legal Standard**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable

fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled."

42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence

of fraud or overreaching in making the agreement, a district court should test the agreement for

reasonableness.  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character

of the representation and the results the representative achieved, (2) whether counsel was

responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due

benefits,[3] and (3) whether the requested amount is so large in comparison to the time that counsel

spent on the case as to be a windfall to the attorney.  *Id.* at 853.

To analyze the third factor, whether a fee would be a "windfall," the Second Circuit

instructed that "courts must consider more than the *de facto* hourly rate" because "even a relatively

high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."

*Id.* at 854.  Specifically, courts should also consider: (1) "the ability and expertise of the lawyers

and whether they were particularly efficient, accomplishing in a relatively short amount of time

what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and

length of the professional relationship with the claimant—including any representation at the

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand.  *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake.  Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery.  [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. The court further warned that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at \*2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at \*3 (N.D.N.Y. July 10, 2009)).

### B.    Application

Here, Plaintiff retained Bowes pursuant to a 25% contingency-fee agreement. (Dkt. 22, at ECF 11.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Bowes seeks the full 25% of Plaintiff's past-due benefits. At 35.6 hours of work, this is an effective hourly rate of $1,596.76. The Court finds that amount to be unreasonable. Specifically, the Court finds that a few of the "windfall" factors outlined in *Fields* require a downward adjustment of Bowes's requested fees.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849.  Here, counsel's briefing was professional and effective.  In fact, counsel's thorough briefing prompted the SSA to agree to a remand and achieved the exact result Plaintiff sought—an award of past-due and future benefits.

Second, the Court must determine whether counsel was responsible for unreasonable delays.  *Id.*  Here, the Court notes that Bowes requested two one-week extensions in March 2021. (*See* Dkts. 9, 10.)  However, the Court does not consider these requests to constitute undue delays given the emergency nature of at least one of the requests and the shortness of the extensions.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849.  The Court analyzes four factors in determining whether a requested amount qualifies as a windfall.  *Id.* at 854–856.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 35.6 hours was a reasonable amount of time to expend on this case.  In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated particular efficiency and justified a *de facto* hourly rate of $1,556.98.  *Fields*, 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work).  Here, the transcript was 681 pages, (Dkt. 8), the opening brief was 25 pages, (Dkt. 13), and Plaintiff's counsel obtained a stipulation of remand, (Dkt. 16).  Furthermore, Plaintiff's counsel uncovered dozens of pages of extrinsic evidence showing that the consultative examiner (whose opinion the ALJ gave "great weight" to) was under probation by the New York State Department of Health when he examined Plaintiff.  (Dkt. 13, at 18, 27–50.)  Accordingly, the Court finds that although

Bowes expended more hours than plaintiff's counsel in *Fields*, Bowes's thorough opening brief likely warranted the additional time spent and does not justify a downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that Bowes did not represent Sestito in front of the SSA before filing this suit. (*See* Dkt. 22, at ECF 2.) In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief plaintiff's arguments before the district court, and distinguishing the case from others in which a windfall was found. *See Fields*, 24 F.4th at 855. Here, Plaintiff's counsel was not retained until "this civil action." (Dkt. 22, at 2.) Consequently, counsel did not have the type of attorney-client relationship built over multiple rounds of representation that distinguished counsel in *Fields* from other windfall cases. Thus, this factor justifies a slight downward adjustment.

Third, with respect to "the satisfaction of the disabled claimant," the Court finds that Bowes achieved the desired result with only a brief two-week delay and avoided protracted litigation. Additionally, there is no evidence in the record to suggest that Sestito was dissatisfied with any aspect of Bowes's performance. This factor accordingly does not justify a downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as the case underlying *Fields*, where the SSA denied benefits even after the first remand by the district court. *Fields*, 24 F.4th at 850. Here, by contrast, the SSA stipulated to remand after the opening brief, indicating that this case was less uncertain than the underlying case in *Fields*

and did not require the sustained effort of multiple rounds of representation.  This consideration thus justifies a slight downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be unreasonable, and reduces the amount to $52,297, which results in a *de facto* hourly rate of $1,469.02.  Additionally, upon receiving the § 406(b) award, Bowes must remit the $7,100 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part, and Bowes is awarded $52,297 in attorney's fees.  Upon receipt of this award from the government, Bowes shall promptly refund Plaintiff $7,100, which represents the EAJA fees already received by counsel.  The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  October 25, 2022
        Brooklyn, New York

7